*Hardin, for appellant.    R. J. Brown, for appellee.*

---

## F. G. BEACH v. J. T. MARTIN'S TRUSTEE.

**Construction of Terms of a Will.**
> A daughter takes only a life estate where it is stated in a will, after giving certain property to the daughter, that "But, as I have before stated, all that I give to my daughter, Mary, * * * is for her use and benefit during her natural life and then to the heirs of her body, if any, and if none, then to be disposed of as hereinbefore mentioned."

**Allegations as to Right to Sue.**
> Allegations in a petition that one was appointed trustee by the Harrison Circuit Court is sufficient to show such trustee's right to maintain the action. The existence of the facts necessary to give that court jurisdiction to make the appointment, in the absence of anything to contrary, will be presumed.

### APPEAL FROM HARRISON CIRCUIT COURT.

January 7, 1880.

OPINION BY JUDGE HINES:

It clearly appears to us that the court below did not err in adjudging that the will of J. Beach gave to his daughter, Mary, only an estate for life, with remainder to her child who survived her. The language of the will is: "But, as I have before stated, all that I give to my daughter, Mary, by this my last will and testament, is for her use and benefit during her natural life and then to the heirs of her body, if any, and if none, then to be disposed of as heretofore mentioned." The preceding clause of the will to which reference is here made reads: "All of the devise that I have made to my said daughter, or that I may hereafter make to her by this, my last will and testament, to her sole use and benefit during her natural life, and at her death to descend to the heirs of her body, if any, and if none to go to her brothers and sisters, if they are living, if they or either of them should be dead then to their children." These two clauses make the intention of the testator evident beyond question.

The allegation of the petition that Stone was appointed trustee by the Harrison Circuit Court is sufficient to show his right to maintain the action. The existence of the facts necessary to give that court jurisdiction to make the appointment, in the absence of anything to the contrary, will be presumed.

The special demurrer for defect of parties was properly overruled. The allegation that appellant had purchased the interest of the others, nothing to the contrary appearing, was sufficient to dispense with making them parties.

In reference to the other assignments of error we deem it sufficient to say that we perceive no error in the rulings of the court below that affect the substantial rights of the appellant.

Judgment *affirmed.*

*J. I. Ward, A. H. Ward,* for appellant.

*Jas. E. Cantrill, John T. Morgan,* for appellee.